# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT THOMAS,<br><br>    Plaintiff,<br><br>v.<br><br>J. RAZO, et al.,<br><br>    Defendants. | CASE NO. 1:10-cv-02173-AWI-GBC (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO COMPEL<br><br>Doc. 28<br><br>PLAINTIFF'S ANSWERS TO DISCOVERY DUE WITHIN THIRTY DAYS |

## I. Procedural History

On November 22, 2010, Plaintiff Robert Thomas ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. On July 8, 2011, the Court ordered this action to proceed on Plaintiff's cognizable Eighth Amendment excessive force claim against Defendants Razo, Moreno, Brown, Holguin, Vera, and Vasquez. Doc. 8. On May 7, 2012, Defendants filed a motion to compel responses to interrogatories and requests for production of documents. Doc. 28. Plaintiff did not file an opposition. This matter is deem submitted pursuant to Local Rule 230(l).

## II. Motion To Compel

On December 14, 2011, Defendant Razo served Plaintiff with the first sets of interrogatories and requests for production of documents. *See* Mot. Compel, Coleman Decl. ¶¶ 3-4, Doc. 28. Defendants have not received any responses to the discovery requests. *Id.* On April 24, 2012, defense counsel sent Plaintiff a meet and confer letter informing him that she had not yet received his responses to either the interrogatories or requests for production of documents, which were due in

late January 2012. *Id.* ¶ 5. In the letter, Plaintiff was informed that if he did not respond to the outstanding discovery by May 4, 2012, Defendants would have to file a motion to compel. *Id.* Plaintiff did not respond to the letter, or to the discovery requests, and now more than four months have passed since he was served with the requests. *Id.* ¶ 7.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The responding party is obligated to respond to the interrogatories to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4). A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. *L.H. v. Schwarzenegger*, 2007 WL 2781132, at *2 (E.D. Cal. Sep. 21, 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1).

Defendants' interrogatories and requests for production of documents are relevant for purposes of discovery. Plaintiff's failure to respond is not excused. Plaintiff will be required to answer each interrogatory and request for production of documents and to serve his answers on Defendants within a timely manner.

**III.     Sanctions**

Defendants request sanctions against Plaintiff for his noncompliance. Mot. Compel at 6, Doc. 28. The Court declines to issue a sanction for non-compliance with the interrogatories and requests for production of documents until after the issuance of this order commanding compliance. *See Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 (9th Cir. 1983) (finding corporation subject to subpoena could not be sanctioned in absence of enforcement order).

//
//
//
//

### IV. Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' motion to compel, filed May 7, 2012, is GRANTED;
2. Plaintiff is to serve his answers to Defendants' interrogatories and requests for production of documents within **thirty (30) days** from the date of service of this order; and
3. Defendants' motion for sanctions, is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   July 12, 2012

UNITED STATES MAGISTRATE JUDGE