# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT THOMAS,<br><br>      Plaintiff,<br><br>  vs.<br><br>J RAZO, et al.,<br><br>      Defendants. | 1:10cv02173 AWI DLB PC<br><br>FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE<br><br>TWENTY-ONE DAY DEADLINE |

Plaintiff Robert Thomas ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This action is proceeding on an Eighth Amendment excessive force claim against Defendants Razo, Moreno, Brown, Vera, Vasquez and Holguin. Trial is currently set for February 25, 2014.

On January 13, 2014, the Court vacated the Telephonic Trial Confirmation Hearing based on Plaintiff's failure to file a pretrial statement, as well as his failure to respond to the December 30, 2013, Order to Show Cause.

## **DISCUSSION**

The failure to obey a scheduling order is grounds for the imposition of sanctions. Fed. R. Civ. P. 16(f)(1)(C). The Second Scheduling Order, issued on April 8, 2013, contained notice to Plaintiff that the failure to file a pretrial statement in compliance with the order may result in the

1

imposition of sanctions, including dismissal. Further, in the December 30, 2013, Order to Show Cause, the Court warned Plaintiff that the failure to respond to the order would result in dismissal.

A scheduling order is not a frivolous piece of paper, idly entered. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (quotation marks and citation omitted). Parties are required to exercise due diligence, *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citing *Johnson*, 975 F.2d at 609), and the Court finds that Plaintiff's failure to file a pretrial statement and failure to respond to the order to show cause warrant the imposition of sanctions.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quotation marks and citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re PPA*, 460 F.3d at 1226 (citation omitted).

This case has been pending since 2010, and it is set for jury trial in approximately six weeks. The expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal. *Id.* at 1227. This action has been pending for more than three years, and Plaintiff had ample time to begin trial preparation and comply with the scheduling order. *Id.* The Court has an extremely heavy caseload, and when litigants disregard orders of the court and deadlines, the Court's ability to manage its docket and guide cases toward resolution is significantly compromised. *Id.*

As for the risk of prejudice, while the mere pendency of an action does not constitute prejudice, the impairment of Defendants' ability to proceed to trial is prejudicial. *Id.* at 1227-28 (quotation marks omitted).

Regarding the fourth factor, while public policy favors disposition on the merits and therefore weighs against dismissal, it is Plaintiff's own conduct which is at issue here and which has stalled the case. *Id.* at 1228.

Finally, there are no alternative sanctions which are satisfactory. A monetary sanction has little to no benefit in a case in which Plaintiff has ceased responding to the Court's orders. In addition, Plaintiff is a state prisoner and is proceeding in forma pauperis in this action.

Discovery is closed and the deadline for filing pretrial motions has passed, rendering unavailable the Court's ability to impose any limitations on Plaintiff in those areas as a sanction. Lastly, the preclusion of evidence or witnesses is not an available sanction given that Plaintiff failed to identify any exhibits or provide a witness list via a pretrial statement. *See* Local Rule 281(b)(10),(11).

In conclusion, the Court recommends that this action be dismissed given the procedural posture of this case, Plaintiff's failure to comply with the pretrial scheduling order, and the unavailability of satisfactory alternative sanctions. *In re PPA*, 460 F.3d at 1228-29.

## **FINDINGS AND RECOMMENDATIONS**

Based on the foregoing, it is HEREBY RECOMMENDED that this action BE DIMISSED based on Plaintiff's failure to prosecute, failure to follow the Court's orders and failure to respond to the Order to Show Cause.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by

filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

   Dated:   **January 13, 2014**          /s/ *Dennis L. Beck*
                                                          UNITED STATES MAGISTRATE JUDGE