1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT THOMAS, | Case No.  1:10-cv-02173-AWI-DLB PC |
| Plaintiff, | **PRETRIAL ORDER** |
| v. | **Jury Trial:** February 24, 2015, at 8:30 a.m. in Courtroom 2 (AWI) |
| J. RAZO, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff Robert Thomas ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 22, 2010.  This action for damages is proceeding against Defendants J. Razo, A. Moreno, D. Brown, I. Vera, S. Vasquez and A. Holguin for excessive force in violation of the Eighth Amendment of the United States Constitution.  Plaintiff's claim arises out of Defendants' alleged use of excessive force on April 5, 2010, while he was incarcerated at California Correctional Institution ("CCI").[1]

## I.    Jurisdiction and Venue

The Court has subject matter jurisdiction over this federal civil rights action.  28 U.S.C. § 1331.  Venue is proper because the conduct allegedly occurred in this judicial district.

_____

[1] On July 8, 2011, the remaining claims were dismissed from the action at the screening stage for failure to state a claim.  28 U.S.C. § 1915A.

**II.  Jury Trial**

Plaintiff and Defendants demand a trial by jury.  Fed. R. Civ. P. 38(b).

**III.  Facts**

**A.  Undisputed Facts**

1. Plaintiff is a convicted felon, serving a life sentence.

2. On April 5, 2010, Plaintiff was incarcerated at the CCI in Tehachapi, California.

3. Defendants J. Razo, A. Moreno, D. Brown, I. Vera, S. Vasquez and A. Holguin were all employed at CCI on April 5, 2010.

4. On the morning of April 5, 2010, after Plaintiff attended a Unit Classification Committee ("UCC") meeting, an incident occurred, the nature of which is disputed.

5. Several officers used Oleoresin Capsicum (O.C. pepper spray) during the incident.  No other weapons were used during the incident.

6. After Plaintiff was transported to the medical clinic to be put into a holding cell for evaluation, another incident occurred, the nature of which is disputed.

7. Registered Nurse N. Kimble performed a medical evaluation of Plaintiff following the incidents and prepared a medical report.

8. Defendants were medically evaluated following the incidents, with injuries noted to Defendants Razo and Vasquez.

9. Plaintiff was decontaminated with cool water for pepper spray exposure after the incidents.

10. Plaintiff refused to be photographed and/or interviewed on video following the incident.

11. Plaintiff was charged with two separate Rules Violations (CDC Form 115) for battery on a peace officer, due to the injuries to Defendants Razo and Vasquez, and he was found guilty of both.

**B.  Disputed Facts**

1. Whether Plaintiff disagreed with the UCC's decision to retain his level-IV placement status, and argued with committee members;

2

2.      Whether Plaintiff refused repeated orders by staff to return to his cell following the committee meeting, and refused orders to "cuff up";

3.      Whether Plaintiff advanced toward Defendant Razo in a threatening manner;

4.      Whether Plaintiff kicked Defendant Vasquez in the left knee while he was being placed into a holding cell;

5.      Whether Plaintiff continued to resist staff by kicking his feet, twisting his torso, and trying to turn toward staff;

6.      What amount of force Defendants Razo, Moreno, Vera, Vasquez, Holguin, and Brown used on Plaintiff;

7.      Whether Defendants kicked and punched Plaintiff while he was on the ground;

8.      Whether Defendants Razo, Moreno, Vera, Vasquez, Holguin, and Brown acted in good faith to prevent an assault and to restore order, or maliciously and sadistically to hurt Plaintiff; and

9.      What injuries Plaintiff sustained from the incidents, if any, other than pepper spray exposure.

**C.      Disputed Evidentiary Issues**[2]

Defendants filed three motions in limine on September 12, 2014.  Plaintiff opposed the motions on September 24, 2014.

Defendants also reserve the right to object to testimony and evidence until they have heard the testimony and/or seen the exhibits.

**D.      Special Factual Information**

None.

**IV.      Relief Sought**

Plaintiff seeks $30,000 in compensatory damages, as well as punitive damages.

Defendants seek judgment in their favor.

---

[2] The parties may file motions in limine, addressed in section XVIII, and/or object to the introduction of evidence at trial.

**V.**     **Points of Law**

      **A.**     **Section 1983**

      The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

      Section 1983 provides a cause of action for the violation of Plaintiff's constitutional by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). To prevail on his claim, Plaintiff must demonstrate a link between actions or omissions of Defendants and the violation of his Eighth Amendment rights; there is no *respondeat superior* liability under section 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 676-77, 129 S.Ct. 1937 (2009); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones*, 297 F.3d at 934.

      **B.**     **Eighth Amendment Claim**

      The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. *Morgan*, 465 F.3d at 1045 (citing *Rhodes*, 452 U.S. at 347) (quotation marks omitted).

      Not every malevolent touch by a prison guard gives rise to a federal cause of action. *Wilkins*, 559 U.S. at 37, 130 S.Ct. at 1178 (citing *Hudson*, 503 U.S. at 9) (quotation marks omitted). Necessarily excluded from constitutional recognition is the *de minimis* use of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. *Wilkins*, 559 U.S. at 37-8, 130 S.Ct. at 1178 (citing *Hudson*, 503 U.S. at 9-10) (quotations marks

1   omitted).   In determining whether the use of force was wanton and unnecessary, courts may

2   evaluate the extent of the prisoner's injury, the need for application of force, the relationship

3   between that need and the amount of force used, the threat reasonably perceived by the responsible

4   officials, and any efforts made to temper the severity of a forceful response.  *Hudson*, 503 U.S. at

5   7 (quotation marks and citations omitted).

6        While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does

7   not end it.  *Hudson*, 503 U.S. at 7.  The malicious and sadistic use of force to cause harm always

8   violates contemporary standards of decency.  *Wilkins*, 559 U.S. at 37, 130 S.Ct. at 1178 (citing

9   *Hudson*, 503 U.S. at 9) (quotation marks omitted).  Thus, it is the use of force rather than the

10  resulting injury which ultimately counts.  *Id.* at 37-8.

11       **C.      <u>Qualified Immunity</u>**

12       The defense of qualified immunity protects "government officials . . . from liability for

13  civil damages insofar as their conduct does not violate clearly established statutory or

14  constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457

15  U.S. 800, 818 (1982).  Qualified immunity balances two important interests, "the need to hold

16  public officials accountable when they exercise power irresponsibly and the need to shield

17  officials from harassment, distraction, and liability when they perform their duties reasonably."

18  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).  Qualified immunity protects "all but the plainly

19  incompetent or those who knowingly violate the law."   Officers can have a reasonable, but

20  mistaken, belief about the facts or about what the law requires in a certain situation.  *Saucier v.*

21  *Katz*, 533 U.S. 194, 202 (2001); *Estate of Ford v. Ramirez-Palmer*, 301 F.3d 1043, 1049 (9th Cir.

22  2002).

23       In  *Saucier v. Katz*, the Supreme Court outlined a specific, two-step analysis for

24  determining whether qualified immunity is warranted.  *Saucier*, 533 U.S. at 201.  The first inquiry

25  is whether, when taken in the light most favorable to the plaintiff, the alleged facts show the

26  officer's conduct violated a constitutional right.   *Id.* at 201.  If a violation is established, the

27  second inquiry is whether the right was clearly established.  *Id.*  "This inquiry, it is vital to note,

28  must be undertaken in light of the specific context of the case, not as a broad general proposition

1   …."   *Id*.   The Supreme Court explained that in determining whether the right was clearly

2   established, "[t]he relevant, dispositive inquiry . . . is whether it would be clear to a reasonable

3   officer that his conduct was unlawful in the situation he confronted." *Id*. at 202.

4   The purpose of qualified immunity "is to acknowledge that reasonable mistakes can be made as to

5   the legal constraints on particular police conduct." *Saucier*, 533 U.S. at 205.  In an excessive force

6   context, the reasonableness of the officer's belief should be judged from the perspective "on-

7   scene." *Id.* (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)).  If an officer reasonably, but

8   mistakenly, believed a person was likely to fight back, the officer would be justified in using more

9   force than necessary.  *Saucier*, 533 U.S. at 205.  "The calculus of reasonableness" must allow for

10  the reality that officers are often forced to make split-second decisions as to what force is required

11  in circumstances that are tense, uncertain, and rapidly evolving.  *Saucier*, 533 U.S. at 211 (citing

12  *Graham*, 490 U.S. at 396-97).

13         Recently, the Supreme Court reconsidered the mandatory, two-step procedure set forth in

14  *Saucier* and concluded that the two-step *Saucier* procedure should not be regarded as an inflexible

15  requirement.  *Pearson,* 555 U.S. at 236.  The Supreme Court noted that, while the sequence set

16  forth in *Saucier* is often appropriate, it should no longer be regarded as mandatory.  The judges of

17  the district courts and the courts of appeals may exercise their sound discretion in deciding which

18  of the two prongs of the qualified immunity analysis should be addressed first in light of the

19  circumstances in a particular case.  *Id.*

20         **D.**    **<u>Punitive Damages</u>**

21         Plaintiff has the burden of proving what, if any, punitive damages should be awarded by a

22  preponderance of the evidence.  NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS § 5.5

23  (2008).  The jury must find that Defendants' conduct was "motivated by evil motive or intent, or .

24  . . involves reckless or callous indifference to the federally protected rights of others." *Smith v.*

25  *Wade*, 461 U.S. 30, 56, 103 S.Ct. 1625 (1986).  Acts or omissions which are malicious, wanton, or

26  oppressive support an award of punitive damages. *Dang v. Cross*, 422 F.3d 800, 807-08 (9th Cir.

27  2005).

28

### E.      Federal Rules of Evidence

Federal Rules of Evidence 608 and 609 provide that evidence of a witness's prior felony conviction or instance of conduct demonstrating a propensity to lie may be used to impeach that witness's testimony.  Federal Rule of Evidence 404(b) provides that evidence of prior crimes, wrongs, or acts cannot be used to prove the character of the person in order to show conduct in conformity with that character trait.  Such prior acts may be admissible for other purposes only, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.  *Id.*

## VI.      Abandoned Issues

Plaintiff's claims against Defendants for (1) deliberate indifference to a serious medical need in violation of the Eighth Amendment; and (2) violation of due process in violation of the Fourteenth Amendment were dismissed at the pleading stage for failure to state a claim upon which relief may be granted.  28 U.S.C. § 1915A.

## VII.     Witnesses

**The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses.  NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."  Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).**

### A.      Plaintiff's Witness List

1.      Plaintiff

2.      Defendant Officer J. Razo

3.      Defendant Officer A. Moreno

4.      Defendant Counselor D. Brown

5.      Defendant Officer I. Vera

6.      Defendant Officer S. Vasquez

7.      Defendant Officer A. Holguin

**B.**     **Defendants' Witness List**[3]

1.     Defendant Officer J. Razo

2.     Defendant Officer A. Moreno

3.     Defendant Counselor D. Brown

4.     Defendant Officer I. Vera

5.     Defendant Officer S. Vasquez

6.     Defendant Officer A. Holguin

7.     Steven Borg, Expert Witness

8.     Counselor D. Chapman

9.     Registered Nurse N. Kimble

10.    Officer M. Nicholson

11.    Officer J. Cardenas

12.    Counselor C. Holman

13.    Officer C. Nelson

14.    Registered Nurse F. Roberts

15.    Custodian of Records, CCI

**VIII.   Exhibits**

**The following is a list of documents or other exhibits that the parties expect to offer at trial.  NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."  Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).**

**A.     Plaintiff's Exhibits**

1.     All reports written by Defendants related to the April 5, 2010, incident.

---

[3] Defendants are not required to call all of the witnesses they listed.  However, as is the Court's general practice in cases such as this, witnesses the defense plans to call shall be present on February 24, 2015, by 9:30 a.m. and shall be available for Plaintiff to call for direct examination.

2.      All inmate appeals filed by Plaintiff, against Defendants, related to the April 5, 2010, incident.

3.      "All other legal documents regarding named Defendants."

**B.      Defendants' Exhibits**

1.      Photographs of Facility IV-A, Unit 4-C at CCI, committee area

2.      Photographs of Facility IV-A, Unit 4-C at CCI, dayroom area

3.      Photographs of CCI Facility IV-A, medical clinic holding area

4.      Diagram of Unit 4-C, Facility IV-A at CCI

5.      Diagram of CCI Facility IV-A, medical clinic area

6.      Photographs of Defendant Vasquez from April 5, 2010

7.      Medical report(s) for Defendant Vasquez dated April 5, 2010

8.      Photographs of Defendant Razo from April 5, 2010

9.      Medical report(s) for Defendant Razo dated April 5, 2010

10.     Photograph of Plaintiff from April 5, 2010

11.     Medical Report (Form 7219) for Plaintiff dated April 5, 2010, completed by RN Kimble

12.     UCC Committee Report (CDC Form 128 Chrono) for Plaintiff dated April 5, 2010

13.     Curriculum Vitae of Steven Borg

14.     Expert Report of S. Borg

15.     Rules Violation Reports (CDC Form 115) for Plaintiff dated April 5, 2010

**IX.     Discovery Documents to be Used at Trial**

Defendants may use Plaintiff's deposition transcript and appended exhibits for impeachment purposes at trial.

**X.      Further Discovery or Motions**

None, other than motions in limine.

**XI.     Stipulations**

None.

1   **XII.    Amendments/Dismissals**

2        None.[4]

3   **XIII.   Settlement Negotiations**

4        None.

5   **XIV.    Agreed Statement**

6        None.

7   **XV.     Separate Trial of Issues**

8        The punitive damages phase, if any, will be bifurcated.

9   **XVI.    Impartial Experts – Limitation of Experts**

10       None.

11  **XVII.  Attorney's Fees**

12       None.

13  **XVIII. Further Trial Preparation**

14       **A.    Motions In Limine Hearing and Briefing Schedule**

15       Any party may file a motion in limine, which is a procedural mechanism to limit in

16  advance testimony or evidence in a particular area.  *United States v. Heller*, 551 F.3d 1108, 1111

17  (9th Cir. 2009) (quotation marks omitted).  In the case of a jury trial, the Court's ruling gives

18  Plaintiff and Defendants' counsel advance notice of the scope of certain evidence so that

19  admissibility is settled before attempted use of the evidence before the jury.  *Id.* at 1111-12

20  (quotation marks omitted).

21       Any motions in limine must be served on the other party, and filed with the Court, by

22  February 13, 2015.[5]  Any motion in limine must clearly identify the nature of the evidence that the

23  moving party seeks to prohibit the other side from offering at trial.

24       Any opposition to a motion in limine must be served on the other party, and filed with the

25  Court, by February 20, 2015.

26  _____

27  [4] As discussed previously, Plaintiff's claims against Defendants for deliberate indifference to a serious medical need in violation of the Eighth Amendment and violation of due process in violation of the Fourteenth Amendment were dismissed at the pleading stage for failure to state a claim upon which relief may be granted.  28 U.S.C. § 1915A.

28  [5] As previously noted, Defendants have already filed their motions in limine.

10

1    If any party files a motion in limine, the Court will hear and decide such motions on the

2 morning of trial at 8:30 a.m.

3    Whether or not a party files a motion in limine, that party may still object to the

4 introduction of evidence during the trial.

5        **B.    <u>Duty of Counsel to Pre-Mark Exhibits</u>**

6    The parties are ordered to meet and confer no later than February 17, 2015, for the purpose

7 of pre-marking and examining each other's exhibits.  All joint exhibits must be pre-marked with

8 numbers preceded by the designation JT (e.g., JTX-1, JTX-2).  All of Plaintiff's exhibits shall be

9 pre-marked with numbers (e.g., PX-1, PX-2, etc.).  All of Defendants' exhibits shall be pre-

10 marked with letters (e.g., PX-A, PX-B, etc.).

11    1.    Defendants' counsel shall create four (4) complete, legible sets of exhibits in

12 binders as follows:

13        (a)    Two sets of binders to be delivered to Courtroom Clerk Renee Gaumnitz

14 by February 20, 2015, one for use by the Courtroom Clerk and the other for the Court; and

15        (b)    One set for each counsel's own use.

16            If the parties desire, they may have a fifth set of binders to be used for the

17 purposes of questioning witnesses.

18    2.    Defendants' counsel and Plaintiff shall meet and confer and make the following

19 determination with respect to each proposed exhibit to be introduced into evidence and

20 Defendants' counsel shall prepare separate indexes - one listing joint exhibits, and one listing each

21 party's separate exhibits as follows:

22        (a)    Duplicate exhibits (i.e., documents which both sides desire to introduce into

23 evidence) shall be marked as a joint exhibit and numbered as directed above (e.g., JTX-1).  Joint

24 exhibits shall be listed on a separate index and shall be admitted into evidence on the motion of

25 any party without further foundation.

26        (b)    Exhibits that are not jointly offered and to which there is no objection to

27 introduction shall likewise be appropriately marked (e.g., PX-1 or DX-A) and shall be listed in the

28 offering party's index in a column entitled "Admitted In Evidence."  Such exhibits will be

1   admitted upon introduction and motion of the party, without further foundation.

2            (c)      Those exhibits to which the only objection is a lack of foundation shall be

3   marked appropriately (e.g., PX-2 - For Identification, or DX-B - For Identification) and shall be

4   indexed in a column entitled "Objection Foundation."

5            (d)      Remaining exhibits to which there are objections to admissibility not solely

6   based on a lack of foundation shall likewise be marked appropriately (e.g., PX-3 - For

7   Identification or DX-C - For Identification) and shall be indexed in a third column entitled "Other

8   Objection" on the offering party's index.

9        3.   Each separate index shall consist of the exhibit number or letter, a brief description

10  of the exhibit, and the three columns outlined above, as demonstrated in the example below:

11                              INDEX OF EXHIBITS

12

| EXHIBIT # | DESCRIPTION | ADMITTED IN EVIDENCE | OBJECTION FOUNDATION | OTHER OBJECTION |
|---|---|---|---|---|

13

14

15      Two sets of the completed joint index and the separate indexes shall be delivered to the

16  Courtroom Clerk with the two sets of binders.

17      The Court has no objection to counsel using copies.  However, the copies must be legible.

18  If any document offered into evidence is partially illegible, the Court may *sua sponte* exclude it

19  from evidence.

20      **C.      Discovery Documents**

21      Defendants may use Plaintiff's deposition transcript and appended exhibits for

22  impeachment purposes.

23      **D.      Trial Briefs**

24      The parties are directed to file and serve their trial briefs by February 13, 2015.  Local Rule

25  285.  The parties need not include in the trial brief any issue that is adequately addressed in a

26  motion in limine or in an opposition brief to a motion in limine.  Any response to a trial brief shall

27  be filed and served by February 20, 2015.

28

### E.      Voir Dire

The parties shall file and serve proposed voir dire questions, if any, by February 20, 2015.[6]

Further, in order to aid the Court in the proper voir dire examination of the prospective jurors, counsel should lodge with the Court on the first morning of trial a list of all prospective witnesses, including rebuttal witnesses, that counsel reasonably expect to call.  The purpose of the lists is to advise the prospective jurors of possible witnesses to determine if a prospective juror is familiar with any potential witness.

### F.      Agreed Summary Of The Case

The parties shall lodge with the Courtroom Clerk a joint agreed summary of the case, briefly outlining the positions of the parties, by February 20, 2015.  The summary will be read to the jury panel at the outset of the trial solely for the purposes of assisting in the jury selection process.  The contents of the summary shall not be deemed to be evidence or an admission or stipulation by a party as to any contested fact or issue.

### G.      Proposed Jury Instructions

The parties shall file and serve proposed jury instructions February 20, 2015.[7]

All proposed jury instructions shall be in duplicate.  One set shall indicate the party proposing the instruction, with each instruction numbered or lettered, shall cite supporting authority, and shall include the customary "Given, Given as Modified, or Refused," showing the Court's action with regard to each instruction.  The other set shall be an exact copy of the first set, but shall be a "clean" copy that does not contain the identification of the offering party, instruction number or letter, supporting authority, or reference to the Court's disposition of the proposed instruction.

The parties are ordered to confer after the trial confirmation hearing to determine which instructions they agree should be given.  As soon as possible thereafter, the parties shall submit a list of joint, unopposed instructions.  As to those instructions to which the parties dispute, the Court will conduct its jury instruction conference during trial at a convenient time.

---

[6] Defendants have already filed their proposed voir dire.

[7] Defendants have already filed their proposed jury instructions.

**H.      Proposed Verdict Form**

The parties shall file and serve a proposed verdict form by 4:00 p.m. on February 20, 2015.[8]

**I.      Use Of Videotape and Computers**

Any party wishing to use a videotape for any purpose during trial shall lodge a copy of the videotape with the Courtroom Clerk by February 20, 2015.  If a written transcript of audible words on the tape is available, the Court requests that the transcript be lodged with the Court, solely for the aid of the Court.

If Defendants' counsel intends to use a laptop computer for presentation of evidence, he or she shall contact the Courtroom Clerk at least one week prior to trial.  The Courtroom Clerk will then arrange a time for counsel to bring the laptop to the courtroom, and meet with a representative of the Information and Technology Department and receive a brief training session on how counsel's equipment interacts with the Court's audio/visual equipment.  If Defendants' counsel intends to use PowerPoint, the resolution should be set no higher than 1024 x 768 when preparing the presentation.

**J.      Morning Conferences During Trial**

During the trial, it is the obligation of counsel to meet with the Court each morning to advise the Court and the opposing side which documents are proposed to be put into evidence that have not previously been admitted by stipulation, court order, or otherwise ruled upon.  The Court will rule on those documents, to the extent possible, prior to the commencement of trial each day out of the presence of the jury.  If the ruling depends upon the receipt of testimony, the Court will rule as requested upon the receipt of such testimony.

The Court shall consider any other legal matter at morning conferences as well.  The Court does not wish to recess the trial to hear legal argument outside of the presence of the jury, and proper preparation by counsel will eliminate the need for that result.

---

[8] Defendants have already filed their proposed verdict forms.

### K.      Order Of Witnesses

In order to make the trial operate efficiently and smoothly, counsel have the continuing obligation to advise the opposing side as to which witnesses he or she intends to call at each trial session.

## XIX.    Rules of Conduct During Trial

### A.      General Rules

1.      All participants in the trial shall conduct themselves in a civil manner.  There shall be no hostile interchanges between any of the participants.

2.      All oral presentations shall be made from the podium, unless otherwise permitted by the Court.

3.      Sidebar conferences are discouraged.  Legal arguments or discussion of issues outside the presence of the jury should be done during recesses.

4.      Counsel shall advise their respective clients and witnesses not to discuss any aspect of the case in the common areas of the courthouse accessible to the jurors, such as the lobby, the elevators, the hallways and the cafeteria.

### B.      Jury Selection

1.      The Court will conduct voir dire to be supplemented by any written questions submitted by counsel prior to trial and after the Court has concluded its questioning of the jury panel.  In some circumstances, the Court may allow brief direct questioning by counsel.

### C.      Opening Statements

1.      Counsel may use visual aids in presenting the opening statement.  However, any proposed visual aids shall be shown to opposing counsel before opening statement.

### D.      Case in Chief

1.      Counsel shall have his or her witnesses readily available to testify so that there are no delays in the presentation of evidence to the trier of fact.

2.      At the close of each trial day, counsel shall disclose his or her anticipated witnesses and order of presentation for the next day, so that any scheduling or evidentiary issues may be raised at that time.

**E.** **Witnesses**

1.      Before approaching a witness, counsel shall secure leave of Court to approach the witness.

2.      Before approaching a witness with a writing, counsel shall first show the writing to opposing counsel.

**F.** **Exhibits**

1.      All exhibits shall be marked and identified in accordance with the instructions in the pretrial order.

2.      An exhibit shall not be published to the jury until it has been admitted into evidence and counsel has secured leave of Court to publish the exhibit.

3.      The Court usually will conduct an on the record review of the exhibits that have been admitted in evidence at the conclusion of each party's case in chief and after each party has rested its entire case.

**G.** **Objections**

1.      No speaking objections or arguments are permitted in the presence of the jury. Counsel shall state the specific legal ground(s) for the objection, and the Court will rule based upon the ground(s) stated.  The Court will permit counsel to argue the matter at the next recess.

2.      The Court will not assume that any objection made also implies with it a motion to strike an answer that has been given.  Therefore, counsel who has made an objection and who wishes to also have an answer stricken must specifically move to strike the answer.

**H.** **Closing Argument**

1.      Counsel may use visual aids in presenting the closing argument.  However, any proposed visual aids shall be shown to opposing counsel before closing argument.

**XX.** **Objections to Pretrial Order**

Any party may file and serve written objections to any of the provisions of this order on or before February 17, 2014.  Such objections shall specify the requested modifications, corrections, additions or deletions.

**XXI.** **Miscellaneous Matters**

None.

*\*\*\**

FAILURE TO COMPLY WITH ALL PROVISIONS OF THIS ORDER MAY BE GROUNDS FOR THE IMPOSITION OF SANCTIONS, INCLUDING POSSIBLE DISMISSAL OF THIS ACTION OR ENTRY OF DEFAULT, ON ANY AND ALL COUNSEL AS WELL AS ON ANY PARTY WHO CAUSES NON-COMPLIANCE WITH THIS ORDER.

IT IS SO ORDERED.

Dated:   February 9, 2015                          _____

                                                SENIOR  DISTRICT  JUDGE

17